# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 90
MILLER v. STANTON
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1171. Decided Sept. 26, 1924
54. AGENCY—Whether son in driving car is agent of owner, question for jury.
829. NEGLIGENCE—Latitude must be allowed the jury in determining questions of negligence.
ALLREAD, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Action to recover damages for personal injury. Verdict for plaintiff. The petition alleges that defendant was owner of automobile operated by her son Edward as her agent who negligently ran same over plaintiff severely injuring him. The answer is general denial of negligence. There is no affirmative plea of contributory negligence.

The Court of Appeals in affirming judgment held:

1. That the question as to the authority of Edward to drive the car as the defendant's agent was properly submitted to the jury.

2. The testimony to the effect that both Edward and his sister notified plaintiff to get out of the way of the car was properly submitted to the jury in the question of negligence.

3. The verdict is not contrary to the manifest weight of the evidence.

Attorneys—Samuel L. Black and Eugene Carlin, attorneys for Miller; Safflin and Sandles, attorneys for Stanton. All of Columbus.

No. 91
STATE v. SEBALD REALTY CO.
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1018. Decided Sept. 17, 1924
203. CANALS—State entitled to land along the old Miami and Erie Canal bed which was part of canal system.
BY THE COURT.

### Epitomized Opinion
Published only in Ohio Law Abstract

Action to recover possession of land claimed by the state as part of the canal system. Question of title rests upon surveys of engineers in recent years. In order to obtain an accurate description it is necessary to ascertain the original water line of the canal. There are certain bulk heads which are located on the water line of the canal which still exist in a fair state of preservation. The court of appeals held:

1. That these bulk-heads may be considered monuments and a straight line between these points may be taken as the original water line of the canal.

2. The defendant should be given a reasonable time to remove the building owned by him and constructed upon the land of the state.

Attorneys—C. C. Crabbe, Atty. Gen., for State; B. F. Harlitz and G. W. Wilmer, for Realty Co.; all of Columbus.